132 F.3d 36
 80 A.F.T.R.2d 97-8398
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Reza and Connie REZAZEDEH, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 96-3992.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 24, 1997*
Decided Dec. 5, 1997.
 
 1
 Appeal from the United States Tax Court, Nos. 15110-94 & 6896-95, D. Irvin Couvillion, Special Trial Judge.
 
 
 2
 Before Hon. JOHN L. COFFEY, Circuit Judge Hon. FRANK H. EASTERBROOK, Circuit Judge Hon. MICHAEL S. KANNE, Circuit Judge
 
 Order
 
 3
 Believing that his job as a professor of political science did not put his talents to full use, Reza Rezazadeh branched into international real estate transactions. To persuade European business partners that his startup firm was trustworthy, Rezazadeh made a series of loans to build up its capital. Just as the firm was beginning to prosper, his partner Peter Takos stole its assets. The principal issue at trial in this tax case was whether the loans to the firm should be treated as business debts that became worthless in 1989. The Tax Court concluded that they were non-business debts that became worthless in 1985. The question presented on this appeal is not whether the Tax Court was right, but whether it committed a clear error. Cole v. CIR, 871 F.2d 64, 66 (7th Cir.1989). It did not.
 
 
 4
 A debt becomes worthless when the taxpayer has no prospect of recovering more than a trivial amount. Buchanan v. United States, 87 F.3d 197, 200 (7th Cir.1996). The Tax Court held that this point was reached in 1985, when the attorney acting as receiver for the firm reported to the court that there was no prospect of collecting anything from Takos. Rezazadeh hired an attorney of his own, who made a similar report in 1989 (adding that he suspected, but could not prove, that Takos was secreting assets). The Tax Court held that reconfirming a belief that a debt is worthless does not postpone the date on which the loss occurs, a sensible conclusion.
 
 
 5
 As for the business versus non-business issue: because Rezazadeh was not in the trade of extending credit, the loan is a "business" debt only if his dominant motivation was to protect his business as an employee of the borrower. United States v. Generes, 405 U.S. 93 (1972). The Tax Court thought that Rezazadeh's role as an employee of the firm was incidental, and that he made the loans to advance his interest as an investor and entrepreneur. Selecting a "dominant" motive from among many motives, all of which Rezazadeh had, is a matter of characterization essentially unreviewable on appeal, provided the reasons behind the decision are rationally articulated. See Anderson v. Bessemer City, 470 U.S. 564, 574 (1985). The Tax Court gave sensible explanations for its choice--that Rezazadeh continued to be employed full time as a professor of political science, and that his employment earnings at the firm were small, supporting the inference that his "dominant" motive was protecting his investment and promoting future profits as an entrepreneur. Although the opposite choice also could have been justified, we are not authorized to substitute one plausible understanding for another.
 
 
 6
 The Tax Court did not discuss a third issue: whether the taxpayers are entitled to deduct the fees paid to attorneys between 1981 and 1989 in connection with efforts to collect the debt. To the extent taxpayers believe that these were ordinary business expenses, their submission is self-defeating, for such expenses must be deducted in the year incurred, something taxpayers did not do. To the extent taxpayers believe that these fees should be treated as part of the bad debt, they gain nothing given the Tax Court's conclusion that the debt was a non-business debt that became worthless in 1985. Whichever way this argument goes, the taxpayers were not entitled to deduct any of these fees during 1990, 1991, or 1992, the tax years in question here.
 
 
 7
 Finally, taxpayers contend that they were entitled to deduct expenses for meals and other costs associated with Connie Rezazadeh's trip to Bogota, Colombia in 1991. The Tax Court held that this trip was business-related and hence deductible, but that taxpayers had not documented expenses beyond the cost of airfare. The amount remaining in dispute is $624.04, and taxpayers say that even a judge should be able to see that meal expenses for a two-month sojourn must be at least that high. Maybe so, but the statute does not entrust decisions to common sense. Deductions must be substantiated by written records. 26 U.S.C. § 274(d). Taxpayers' claim to this deduction was not, so the decision of the Tax Court must be
 
 
 8
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)